BAKER v. NORTHERN ASSURANCE CO.

1. INSURANCE—AUTOMOBILES—STATE OF TITLE—NOTICE TO AGENT—NOTICE TO PRINCIPAL.

Notice to insurer's agent that insured was purchasing insured automobile on a conditional sale contract, title being reserved in the seller until paid for, was notice to insurer, and the policy was valid, although it contained a warranty that the title was in insured and was not mortgaged or otherwise incumbered.

On the question of vendor's lien as affecting sole and unconditional ownership of insured property, see note in 7 L. R. A. (N. S.) 627.

On effect of insurance broker's knowledge as to title, see note in 38 L. R. A. (N. S.) 637.

2. Same—Policy Valid Although Conditional Sale Not Disclosed Where No Inquiry Made.

If insured did not reveal the condition of the title, and insurer's agent made no inquiry in regard thereto, the policy would be valid, there being no evidence of any fraud.

3. Same—Buyer of Automobile on Conditional Sale Has Insurable Interest.

The buyer of an automobile on a conditional sale contract has an insurable interest in the automobile as well as the seller.

4. Same—Policy Valid Where Ignorant of Previous Policy.

A policy secured by the buyer in ignorance of the fact that the seller had procured insurance on the buyer's interest, was valid, since the buyer's interest in the first policy was voided by the policy secured by him.

5. Same—Buyer's Interest—Voided by Subsequent Valid Policy—Seller's Interest Valid.

The buyer's interest in the policy secured by the seller was voided by the buyer's subsequently procuring a policy insuring his interest, he being in ignorance of the existence of the seller's policy, but the latter's interest was valid.

6. Same—Interest Payable—Declaration — Rate and Time Fixed.

Insured was entitled to interest from the date fixed in the policy for the payment of the loss, although not claimed in the declaration and no proof offered as to the amount of it, since the statute fixes the rate, and the policy fixes the time when the loss should be paid.

Error to Wayne; Davis (Frank D. M.), J., presiding. Submitted May 4, 1921. (Docket No. 113.) Decided June 6, 1921.

Assumpsit by Charles E. Baker against the Northern Assurance Company, Limited, of London, England, on a policy of insurance. Judgment for plaintiff for less than amount claimed. He brings error. Reversed.

*Friedman, & Meyers* (*C. F. Gates*, of counsel), for appellant.

*Frederick J. Ward* (*Robert E. Plunkett*, of counsel), for appellee.

SHARPE, J.   The plaintiff, on July 21, 1917, sold a Jordan touring car to Louis J. Schuster under a conditional sale contract.   On the same day he obtained a policy insuring him against loss by fire, theft and transportation from the defendant company to the amount of $1,800.   An indorsement thereon reads:

"It is understood that the automobile described in this policy has been sold by the said Charles E. Baker to the said Louis J. Schuster, under a conditional sale contract, a copy of which shall be furnished to this company by the said vendor on demand.

"Loss, subject to all the terms and conditions of this policy, shall be payable to the said vendor and the said vendee as their respective interests may appear."

On July 23, 1917, Schuster, without knowledge of this policy, obtained one in the Westchester Insurance Company, covering the same risk, in the sum of $1,700.   This policy contained a warranty that the title to the car was in Schuster and that it was not mortgaged or otherwise incumbered.

The automobile was destroyed by fire on November 12, 1917.   Schuster was at that time owing plaintiff $648.72 on the purchase price.   The plaintiff notified the defendant's agent of the fire and furnished proofs of loss as required by the policy.   The defendant declining to pay, Schuster assigned his interest in the policy to plaintiff, who brought suit thereon.   Schuster had theretofore, and before he knew of plaintiff's insurance, made claim under his policy, but such claim was apparently abandoned and the policy returned to the company.

The case was tried before the court without a jury.

Findings of fact and conclusions of law were filed. The 6th finding of fact reads:

"That at the time Schuster went to get his insurance in the Westchester. Fire Insurance Company, he told the agent, Goldberg, that he had purchased the car on time which was giving him notice that he was not the sole, and unconditional owner of the car."

To this and the court's conclusion as matter of law that plaintiff could recover but the $648.72 yet due him from Schuster the plaintiff prepared amendments and filed exceptions to the refusal to grant same.

The claims of the plaintiff for reversal may be thus stated:

(1) The Westchester policy was void because Schuster was not the sole and unconditional owner of the car.

(2) Even if valid, the insurance thereunder would not attach, by reason of Schuster's interest being covered by the policy sued on.

1. It is insisted that the 6th finding of fact, above quoted, is not supported by the evidence. We think the finding in no way controlling. Either Schuster advised Goldberg of the state of the title or he did not. If he did, notice to the agent was notice to his principal and the company is bound thereby. *Pollock* v. *Insurance Co.*, 127 Mich. 460; *Simpson* v. *Insurance Co.*, 184 Mich. 547. If he did not, as it does not appear that the agent made any inquiry as to the state of the title, the policy would be valid. This question is settled in this State by the decision in *Crossman* v. *Insurance Co.*, 198 Mich. 304 (L. R. A. 1918A, 390). At page 307 it is said:

"The testimony is undisputed that the application for this insurance was verbal, and that Mr. Craig was not inquired of as to the state of his title. There is no claim of any fraud practiced by him, or any deceit on his part. Under the holdings of this court,

he was not required, under these circumstances, to show the exact condition of his title."

Many cases are cited in support of this holding.

2. Schuster had an insurable interest in the automobile as well as plaintiff. *Crossman* v. *Insurance Co.*, *supra.* The fact that plaintiff had procured insurance on Schuster's interest would not avoid the policy afterwards issued to Schuster himself when obtained by him in ignorance of that fact. The interest of Schuster under plaintiff's policy was voided when protected by the policy secured by him. Plaintiff's policy contains a provision that it shall be null and void:

"If at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected."

We find no error in the conclusion of the trial judge that, as Schuster's interest was fully protected in the policy issued to him and in force at the time of the fire, the policy issued to plaintiff and here sued on was void to the extent of Schuster's interest therein.

3. No finding was made by the trial judge as to interest, nor was any allowed plaintiff in the judgment entered. In the findings requested by plaintiff, his counsel asked for interest at the legal rate. In amendments to the findings as made he made a similar request and preserved the question by proper exception and assignment of error. Defendant's counsel insist that no interest should be allowed because not claimed in the declaration and no proof offered as to the amount of it. The statute fixes the rate. The policy fixed the time when the loss should be payable. Interest is recoverable on the amount in default from the date when it should have been paid. *Manistee Navigation Co.* v. *Filer*, 185 Mich. 302, 307.

For this error the judgment must be reversed, with costs to plaintiff, and the cause remanded for a new trial or other proceeding in harmony with this opinion.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.   MOORE, J., did not sit.