Grasberger *v.* Liebert & Obert, Inc., Appellant, et al.

492

Argued May 8, 1939. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Charles E. Kenworthy,* with him *Evans, Bayard & Frick,* for appellant.

*Harold Scott Baile,* with him *Layton M. Schoch,* for appellees.

Opinion by Mr. Justice Stern, June 19, 1939:

Rietheimer leased a truck to Liebert & Obert, Inc. on a weekly basis, together with a driver whom Rietheimer hired and paid. The truck was used by the lessee to make deliveries of beer. Plaintiff, a pedestrian, was hit and injured by it, and brought suit against Liebert & Obert, Inc. The latter denied that it controlled the operation of the truck and summoned Rietheimer as additional defendant on the ground that he alone was liable because he had exclusive authority over the driver. The case went to the jury, which brought in a verdict of $3,500 against defendant and additional defendant. As there was evidence of control by both of them, the court was right in sustaining this verdict: *Lang v. Hanlon*, 302 Pa. 173; *Gordon v. S. M. Byers Motor Car Co.*, 309 Pa. 453.

The Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company (hereinafter called The Threshermen Company), which is the insurance carrier for Rietheimer under a policy fixing the limit of its liability for injury to one person at $5,000, paid to plaintiff the full amount of the judgment and had it marked to its use. Defendant filed a petition and obtained a rule upon Rietheimer and The Threshermen Company to show cause why the order marking the judgment to the use of the latter should not be stricken off and the prothonotary directed to mark the judgment satisfied. This they resisted, averring that the purpose of The Threshermen Company was to collect from defendant or its insurance carrier, The Ætna Life Insurance Company (hereinafter called The Ætna Company), one half of the amount paid to plaintiff. The court discharged defendant's rule, and this order was affirmed by the Superior Court on appeal.

The right of The Threshermen Company to achieve partial recoupment rests upon the right of its insured, Rietheimer, to enforce contribution from defendant, to which right it became subrogated under the terms of

its policy. The verdict of the jury, supported by the evidence, established that defendant and additional defendant were in joint control of the operator of the truck and in pari delicto. The case, therefore, would ordinarily be ruled by the decision in *Goldman v. Mitchell-Fletcher Co.*, 292 Pa. 354, and subsequent cases, holding that where one of two parties guilty of joint negligence pays the judgment against him, he has a right to have it marked to his use so as to enforce contribution from the other party guilty of the joint wrong. It is the contention of defendant, however, that it is insured against liability for this accident under the policy issued by The Threshermen Company to Rietheimer, and if this be so it is obviously justified in refusing any demand made upon it for contribution, since whatever The Threshermen Company might recover from it in the exercise of that right would have to be restored to it by that company under its obligation as insurer. The only question in the case, therefore, is whether defendant is covered by the Threshermen policy.

The policy provides that its coverage is available to any person legally operating the automobile and to any person, firm or corporation legally responsible for its operation, provided the operation be lawful and with the permission of the insured. Admittedly, this would cover the liability of defendant, but the policy contains a clause that, "If any other person, firm or corporation insured hereunder by the provision of Insuring Agreement 2 is covered by other valid insurance against a claim otherwise covered by this Policy, no insurance under this policy shall be applicable to such claim."*

---

* The policy also provides: "If the named Assured carries a policy of another insurer against any loss covered by this Policy, the Assured shall not be entitled to recover from the Company a larger proportion of the entire loss than the amount hereby insured bears to the total amount of insurance applicable thereto." It is obvious that this provision does not apply to the present situation, but only if Rietheimer himself should carry an additional policy in another company.

Is defendant "covered by other valid insurance against a claim otherwise covered by this policy"? It has a policy of the Ætna Company with a limit of liability for injury to one person of $25,000, which policy covers liability arising out of the operation of automobiles hired by defendant, but contains this clause: "It is further agreed that if the named Assured is covered under a policy taken out by the owner or operator of any automobile and/or trailer insured under this endorsement, the coverage under this endorsement shall be excess coverage over and above the valid and collectible insurance under the policy taken out by the owner or operator of such automobiles." It is clear that this and the Threshermen policy cover different losses, or at least different parts of the same loss. They do not have identity of scope, the Ætna policy not coming into operation until defendant has exhausted the insurance to which it is entitled under the policy to Rietheimer. Therefore the clause in the latter policy which withholds protection to defendant if covered by other insurance is not applicable, because, up to the amount of the coverage of the policy, defendant is not covered by other insurance. Accordingly, that clause does not nullify the insurance given to defendant by the terms of the policy. It follows that no part of the money paid to plaintiff by The Threshermen Company is recoverable by it from defendant, and that the latter's rule to have the judgment marked satisfied should have been made absolute.

In *Gale v. Motor Union Insurance Co.*, 96 L. J. R., K. B., 199, a policy insuring the owner of a car extended its coverage to any friend or relative of the insured driving the car, provided such friend or relative was not insured under any other policy. The friend who drove the car held a policy of insurance which was conditioned upon there being no other insurance in respect of such car whereby the insured might be indemnified. It was held that the damages paid for the

accident by the friend-driver could be recovered by him pro rata from the two companies. The decision was placed upon the ground that each policy contained a clause providing for proportional contribution in case the risk was also covered by some other policy, and it was held that these clauses were paramount to the mutually nullifying clauses. This case, which was relied upon by the Superior Court, thus contained a factor which is absent from the present situation, and—what especially distinguishes it—neither policy insured only that part of the loss which was in excess of the coverage of the other.

The conclusion here reached is in accord with the decisions in *Commercial Casualty Insurance Co. v. Hartford Accident & Indemnity Co.,* 190 Minn. 528, 252 N. W. 434, and *Michigan Alkali Co. v. Bankers Indemnity Insurance Co.,* 103 Fed. (2d) 345. The Court of Appeals of Ohio, Cuyahoga County, in the case of *Maryland Casualty Co. v. Bankers Indemnity Insurance Co.,* 51 Ohio App. 323, 200 N. E. 849, and the District Court for the Western District of Kentucky in the case of *New Amsterdam Casualty Co. v. Hartford Accident & Indemnity Co.,* 18 Fed. Sup. 707, discuss the problem from a somewhat different angle, and base conclusions upon reasoning which we find ourselves unable to follow.

The order of the court below, affirmed by the Superior Court, is reversed, and the record is remitted with instructions to reinstate and make absolute defendant's rule to show cause why the order marking the judgment to the use of The Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company should not be stricken off, and the prothonotary directed to mark the judgment satisfied upon payment of his costs only.