Speier et ux. *v.* Ayling et al., Appellants.

Argued October 25, 1945. Before BALDRIGE, P. J.; RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*George L. Cogan,* with him *Samuel S. Herman,* for appellant.

*George L. Cogan,* with him *Samuel S. Herman,* for Penna. Threshermen and Farmers' Mutual Casualty Ins. Co., appellant.

*Gerald A. Gleeson,* for plaintiffs, appellees.

OPINION BY ARNOLD, J., January 18, 1946:

Leon Speier and his wife had final judgments on verdicts against Ayling: For the wife for personal injuries $600; for the husband for her expenses $150 and for the loss of her companionship (services) $150; and for Leon Speier $700 for damage to his automobile—a total of $1600. The jury's verdict established that the negligence of Ayling was the proximate cause of the injury and damages. Ayling at the time was driving Speier's automobile and Speier was seated by his side.

Upon these judgments each plaintiff issued an attachment execution against Allstate Insurance Company (Ayling's carrier), and similarly against Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company (Leon Speier's carrier), each as garnishee. After interrogatories, answers and trial without a jury the court below entered judgments for the full amounts against both carriers, retaining control of any execution. Each insurance carrier appealed.

The questions involved require each carrier's liability first be determined as if no other carrier was concerned.

ALLSTATE LIABILITY. Allstate was carrier of Ayling, the driver and defendant in the original judgments. Its policy covered [1] him while driving any automobile by paragraph 4. Allstate concedes liability on this phase of all items except the item of $700 damage to Leon Speier's automobile, which it denies under a clause reading: "EXCLUSIONS. This policy does not apply under liability—Coverage B. (property damage) . . . (f) to property owned by, . . . in charge of, . . . the insured."

Was Ayling, the driver, "in charge of" the Speier automobile at the time it was damaged? Ayling was the permissive driver of Speier, who was seated beside the driver. While Speier could control who could drive it, the actual control of the vehicle was passed by him to Ayling, and Speier had no control of the driving of the vehicle at the time of the accident. In *Rodgers v. Saxton,* 305 Pa. 479, 158 A. 166, a wife owned the automobile and was seated beside her husband who was the driver. They were on their way to Atlantic City for a vacation.[2] A collision occurred with a car driven by Saxton. Rodgers and his wife sued Saxton. The jury found that Saxton was negligent, and also that the negligence of Rodgers (driver of his wife's automobile) contributed, and returned a money verdict in favor of Mrs. Rodgers. The Supreme Court held, in an exhaustive opinion by Justice (now Chief Justice) MAXEY, (page 488) "The negligence of the driver of a vehicle can be imputed to a passenger therein only when the evidence justifies a finding of the passenger's right to a share in the control of

---

[1] "Coverage A—To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . sustained by any person . . . caused by accident and arising out of the . . . use of the [an] automobile."

"Coverage B—To pay . . . [exactly as above] . . . for damages . . . to property . . . caused by accident and arising out of the use of the [an] automobile."

[2] Speier and his wife and Ayling and his wife were on their way to California to attend a convention and they took turns at driving.

that vehicle at the time of the negligence . . . whether the driver and the passenger were engaged at the time in a 'joint enterprise' or not." In the opinion the court gave full weight to the fact that Mrs. Rodgers was the owner of the vehicle and was seated beside her husband, her permissive driver, but affirmed her judgment.

The judgments in the original action of Leon Speier and Matilda Speier, his wife, against Ayling are conclusive that "at the time of the negligence Speier did not share in the control of that vehicle." Were it otherwise the negligence of Ayling would be imputed to Speier, thus defeating the latter's recovery for car damage. Since Speier did not *share* in the control, Ayling was in *sole* control at the time of the negligence. Being in *sole* control by permission of the owner, the latter's automobile (property) was "in charge of" Ayling, the insured. Cf. *Sky v. Keystone Mutual Casualty Co.*, 150 Pa. Superior Ct. 613, 29 A. 2d 230. If Speier, the owner, had not been in the car surely it would be "in charge of" Ayling, the permissive driver. The situation does not change merely because the owner is present, for the only difference is as to the time when the permission was given. Therefore, the liability of Allstate if there were no other insurance, is for $900 of the items of the judgments.

THRESHERMEN LIABILITY. It was the insurance carrier of Leon Speier, the owner of the vehicle, and its policy provided [3] that the coverage of the policy "is made available" to the insured's permissive driver (Ayling). Threshermen under Coverage A—Bodily Injury Liability—covenanted "To pay on behalf of the insured [by extension, Ayling] all sums which the insured [by extension, Ayling] shall become obligated to pay by reason of the liability imposed . . . by law for

---

[3] "4. EXTENDED COVERAGE. The insurance . . . [of] this policy is hereby made available . . . under the same conditions . . . to any . . . person using any automobile described . . . with the permission . . . of the insured." The Speier car was described in the policy.

damages, *including damages for care and loss of services,* because of bodily injury . . . sustained by *any* person . . . caused by accident and arising out of the . . . use of the automobile." (Emphasis supplied.)

The Exclusion Clause that the extended insurance "does not include coverage for (b) any person . . . with respect to bodily injury . . . who is a *named* insured," does not apply because the named insured is Leon Speier. The carrier could have excluded the wife of the named insured but did not. Instead, the coverage was of damages to "any person."

As to the item of $700 damage to Speier's car Threshermen is not liable. The policy provides, "3. Definition of 'Insured.' The unqualified word 'insured' as used in this policy shall mean the individual . . . *named* in the statements of this policy." That individual was Leon Speier. Under "Exclusions" it provides "This Policy Excludes Coverage For Any Liability Of The Assured 3. For damage to property *owned* [by] or in charge of . . . *the insured.*" (Emphasis supplied.)

Threshermen contends that it is not liable because Allstate appeared and defended Ayling in the original trial and thereby was estopped from denying liability under *Malley v. American Indemnity Company,* 297 Pa. 216, 146 A. 571. This is not so because Allstate executed a reservation of rights or non-waiver agreement [4] by which Ayling requested Allstate to defend and agreed that such defense was "without prejudice to the disclaimer of liability now asserted." [5] Threshermen argue that Allstate could not amend its answers at trial to plead the non-waiver agreement because it was estopped from a new defense. The non-waiver agreement was not a *defense* to the attachment execution, but merely an answer to the contention that Allstate was estopped by

---

[4] These agreements are valid: *Laroche v. Farm Bureau Ins. Co.,* 335 Pa. 478, 7 A. 2d 361.

[5] The complete reasons for denying liability were in the preceding paragraph of the agreement.

defending the principal action. Neither the plaintiffs in the original action nor Threshermen (which denied all liability and refused to defend) were entitled to notice of the agreement and none suffered any deleterious change of position or prejudice. The amendment was properly allowed. No continuance was requested.

Therefore, Threshermen's liability (if there were no other insurance) is for $900 of the items of the judgments.

ADDITIONAL INSURANCE. Each of the policies, standing alone, covers each of the items aggregating $900, and the remaining question is what effect the "other insurance" clauses have. Each policy provides "if the insured has other insurance against a loss covered by this policy, the company shall not be liable . . . for a greater proportion . . . than the applicable limit of liability [expressed] stated . . . bears to the total applicable limit of liability of all valid and collectible insurance against such loss." The applicable limit of liability is the same in each. If this were all each insurer would be liable for half the loss.

But the Allstate policy under paragraph 15 (Other Insurance) provides (in addition to a provision similar to the Threshermen policy) "that the insurance under paragraph IV (use by Ayling of another's car) shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered under said Paragraph." The effectiveness of such excess insurance clause was settled in *Grasberger v. Liebert & Obert, Inc.,* 335 Pa. 491, 6 A. 2d 925,[6] holding that under such a clause the policy did not come into operation until *after* such other insurance was exhausted. The scope of the one

---

[6] Threshermen were held solely liable in this case where Aetna was the other carrier. The opinion was dated June 13, 1939, with knowledge of this its own case. Threshermen issued the instant policy *without* an excess insurance clause on August 13, 1941.

policy was only as to the excess. The scope of the other was for the full liability pro rated with other *collectible* insurance. Ayling, when driving Speier's car was only insured by Allstate under paragraph IV. The principle of the *Grasberger* case does not depend upon any theory of "contingent coverage" or "primary insurer," but upon the clear words of the policy.

In appeals Nos. 167 and 168 October Term, 1945 of Allstate Insurance Co., the assignments of error are sustained, the judgment is reversed at the cost of the appellee, and judgment is hereby entered in favor of Allstate Insurance Co., garnishee.

In appeals Nos. 169 and 170 October Term, 1945 of the Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, assignment of error No. 2 is sustained, all the other assignments of error are dismissed, the record remanded with directions to the court below to enter judgment in favor of the plaintiff and against the Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, garnishee, in accordance with this opinion, in the amount of $900, with interest thereon, and with costs including its instant appeals.