8 N.J. Super. 343 (1950)
72 A.2d 798
AMERICAN SURETY COMPANY OF NEW YORK, A CORPORATION, PLAINTIFF,
v.
AMERICAN INDEMNITY COMPANY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 13, 1950.
*344 Messrs. Townsend & Doyle (Mr. Mark Townsend, of counsel), for the plaintiff.
Mr. George D. McLaughlin, for defendant American Indemnity Co.
JAYNE, J.S.C.
This action instituted in the former Court of Chancery has in consequence of intermediate occurrences been reduced to a single controversial issue between the American Surety Company and the American Indemnity Company. The factual background and the documentary exhibits are reciprocally conceded.
An epitome of the facts will sufficiently reveal the nature of the conflict. On April 6, 1946, the plaintiff issued its automobile liability policy with $25,000 and $50,000 limits to M. Feller, Inc., embracing within its coverage a group of motor vehicles owned by the insured. Under date of September 29, 1945, the defendant American Indemnity Company issued its policy with the same limits applicable to a group of vehicles owned by a partnership trading under the name of Ritter and Sussman.
Expedience and clarity will be patronized by hereafter denominating the American Surety Company as the "plaintiff," the American Indemnity Company as "Indemnity," M. Feller, Inc., as "Feller," and Ritter and Sussman as the "partnership."
Having suspended the use of one of its insured trucks for the purpose of repair, Feller borrowed from the partnership one of its trucks insured by Indemnity. The borrowed truck *345 was being operated on May 10, 1946, by an employee of Feller in pursuit of the latter's business when it was involved in a collision at Union Beach, New Jersey, with a passenger vehicle occupied by four persons, all of whom sustained bodily injuries, one was injured fatally.
At the time of the filing of the bill of complaint in this cause, the claims of the owner of the passenger car and of the four others were being prosecuted either in the United States District Court (New Jersey) or in the New Jersey Supreme Court. The defendants against whom the actions had been instituted were Feller, the partnership, and the driver of the truck, who was the employee of Feller.
By a consent order entered in the present cause on June 17, 1947, the plaintiff was "authorized to investigate and defend the suits at law * * * and to enter into and negotiate settlements with the claimants in any or all of said cases and to pay the amounts that may be agreed upon  within its policy limits  and to pay any judgment or judgments that may be rendered against" Feller and the driver, or "to take any appeal from any said judgment or judgments or post any bond required by said Court, without prejudice to its right to hereafter assert against the defendants" Indemnity, Feller, and the driver "that the insurance available is `excess' insurance and to be applied only after the proceeds of the policy of the defendant," Indemnity, "have been exhausted * * *."
Since the entry of that order, formal consent judgments, adjudged to be fair, reasonable, and proper, were entered against Feller and its driver, amounting in the aggregate to $42,500. The plaintiff paid the judgments without prejudice to any of its rights against Indemnity.
Any denial of the initial litigious character of this suit seems to have been extinguished by the pretrial order, which states:
"The question involved is whether the policy of the plaintiff was concurrent with the policy of the defendant, American Indemnity Company, or whether it was excess. Defendant, American Indemnity Company, alleges among other defenses that the policy of the American Surety Company was primary insurance.
*346 "It (plaintiff) seeks a decree for moneys paid out by the plaintiff herein as a result of litigation arising out of an automobile accident, which litigation has since been disposed of, together with interest, costs, disbursements and counsel fees.
"Defendant admits that this Court has proper jurisdiction to determine the issue here involved and submits to such jurisdiction."
Reference is made in the pretrial order to "other defenses." They may be here summarized:
1. There is no privity of contract between the plaintiff and Indemnity, and the plaintiff is not a third party beneficiary of the contract of insurance between the partnership and Indemnity.
2. The policy issued by the plaintiff to Feller was subject to the provisions of the Financial Responsibility Act. United States Casualty Co. v. Timmerman, 118 N.J. Eq. 563 (Ch. 1935); Kindervater v. Motorists Casualty Ins. Co., 120 N.J.L. 373 (E. & A. 1938). I pause to state that this averment is neither proved nor stipulated.
3. The policies of the plaintiff and Indemnity were concurrent and coextensive, and it was the obligation of both to satisfy the judgments equally to the limits of the respective policies.
Additionally it may be divulged that by an order dated September 20, 1949, the defendants Feller and the partnership were dismissed from the present suit.
My consideration of this case has stimulated my appreciation of the comment made by Mr. Justice Trenchard in Grollimund v. Germania Fire Ins. Co., 82 N.J.L. 618 (E. & A. 1912). He said (82 N.J.L., on p. 621): "Questions of contribution between co-insurers have caused much trouble to the courts, a large part of which has arisen through efforts to equalize equities outside of the contract. This trouble is lessened if the parties are left with their contracts as they themselves have made them."
Judge Major of the Circuit Court of Appeals, Seventh Circuit, remarked in such a case: "The old controversy as to which came first, the hen or the egg, would be almost as easy *347 of solution as the instant problem." Zurich Gen. Accident & Liability Co. v. Clamor (7 Cir.), 124 F.2d 717, 719.
However, in this jurisdiction the rights of the parties are to be ascertained in the circumstances of this case from a study of the relevant terms of the respective policies. Liberty Motor Freight Lines, Inc. v. U.S. Guarantee Co., 133 N.J.L. 35 (E. & A. 1945).
A discriminating perception of the two policies can be more intelligibly portrayed by the use of some pertinent quotations. The following are selected from the policy of the plaintiff.

"V. TEMPORARY USE OF SUBSTITUTE AUTOMOBILE
"While an automobile owned in full or in part by the named insured is withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction, such insurance as is afforded by this policy with respect to such automobile applies with respect to another automobile not so owned while temporarily used as the substitute for such automobile. This insuring agreement does not cover as an insured the owner of the substitute automobile or any employee of such owner."

"DIVISION 3. NON-OWNED AUTOMOBILES
"The use, by any person other than the named insured, of any non-owned automobile of the private passenger type in the business of the named insured as stated in the declarations, and the use in such business, by any employee of the named insured, of any non-owned automobile of the commercial or truck type if such use of such automobile is occasional and infrequent."

"11. OTHER INSURANCE
"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under division 3 of the Definition of Hazards and Insuring Agreement V shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered under either or both of said provisions."
It is observed that under the provisions of "V. Temporary Use of Substitute Automobile" the plaintiff's policy insured Feller against liability for the use of the truck borrowed from *348 the partnership, although the partnership, the owner of the truck, was not covered as an insured. But a qualification or limitation of plaintiff's liability is discernible in "11. Other Insurance" where a truck is temporarily used, but not owned by its insured. A reading of this section indicates that the policy shall in the circumstances contemplated by "Division 3. Non-Owned Automobiles" be "excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered under either or both of said provisions."
The policy underwritten by Indemnity contains the following:
"III. DEFINITION OF `INSURED': The unqualified word `Insured' wherever used in Coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named Insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. The insurance with respect to any person or organization other than the named Insured does not apply: (a) to injury to or death of any person who is a named insured; (b) with respect to the automobile while used with any trailer not covered by like insurance in the company; or with respect to any trailer covered by this policy while used with any automobile not covered by like insurance in the company; (c) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof; (d) to any employee with respect to injury to or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

"CONDITION 14.
"OTHER INSURANCE  COVERAGES A AND B. If the Insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance available to the Insured, either as an Insured under a policy applicable with respect to the automobile or otherwise, against a loss covered under either or both of said Insuring Agreements."
*349 Manifestly Feller, using the truck with the permission of the partnership was an insured under the Indemnity policy.
The story of the case may accordingly be concentrated into a relatively narrow compass. Each of the policies was in force at the time of the accident. Either of said insurers would be liable in the absence of additional insurance. It is asserted on behalf of Indemnity that Feller by reason of its policy with the plaintiff had "other valid and collectible insurance," and therefore Feller's loss was not covered by Indemnity. Conversely it is the insistence of the plaintiff that because of the coverage afforded the partnership (the owner of the vehicle) by Indemnity, the partnership had "other valid and collectible insurance," and therefore the plaintiff insists it is liable only as an excess insurer and is liable, if at all, only for an amount in excess of Indemnity's liability.
In an exploration of adjudications on a given subject one frequently encounters a diversity of judicial opinions which necessitates a determination of the weight of authority. With regard to the present subject the minority and majority views are exemplified by the decisions in Grasberger v. Liebert & Obert, that of the Supreme Court of Pennsylvania, 335 Pa. 491, 6 A.2d 925, reversing the decision of the Superior Court, 134 Pa. Super. 78, 4 A.2d 186. I note, too, that in the present case the Indemnity policy was issued prior to that of the plaintiff.
I shall hold that where the owner of an automobile or truck has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, the owner's insurer has the primary liability. In such a situation, the liability of the excess insurer does not arise until the limits of the collectible insurance under the primary policy have been exceeded. It follows that the so-called other insurance clause in the primary policy excluding or modifying liability if the additional insured has other valid and collectible insurance is inapplicable because the insurance under the excess coverage policy is not *350 to be regarded as other collectible insurance available to the insured until the primary policy has been exhausted.
Expressed more explicitly, I resolve that a non-ownership clause with an excess coverage provision as embodied in the plaintiff's policy does not constitute other valid and collectible insurance within the import and meaning of a primary policy with an omnibus clause.
Reference is invited to the following adjudications which are enunciative of the more rational rule and of the view recently predominating. Zurich General Accident & Liability Ins. Co. v. Clamor, 124 F.2d 717 (C.C.A. 7 1942); Grasberger v. Liebert & Obert, 335 Pa. 491, 6 A.2d 925, 122 A.L.R. 1201 (Pa. Sup. Ct. 1939); Speier v. Ayling, 158 Pa. Super. 404, 45 A.2d 385 (1946); Travelers Indemnity Co. v. State Automobile Ins. Co., 67 Ohio App. 457, 37 N.E.2d 198 (Ct. of A. 1941); State Farm Mut. Auto Ins. Co. v. Hall, 292 Ky. 22, 165 S.W.2d 838 (Ct. of A. 1942); Continental Casualty Co. v. Curtis Pub. Co., 94 F.2d 710 (C.C.A.3d 1938); Commercial Casualty Ins. Co. v. Hartford Accident & Indemnity Co., 190 Minn. 528, 252 N.W. 434 (Sup. Ct. 1934).
Judgment accordingly.