**AMERICAN SURETY COMPANY OF NEW YORK, Appellant and Cross-Appellee,**

v.

**CANAL INSURANCE COMPANY, Appellee and Cross-Appellant.**

No. 7631.

United States Court of Appeals Fourth Circuit.

Argued June 5, 1958.

Decided Aug. 29, 1958.

John P. Mann, Greenville, S. C. (James R. Mann, Greenville, S. C., on brief), for appellant and cross-appellee.

Wesley M. Walker and J. D. Todd, Jr., Greenville, S. C. (James H. Watson, Greenville, S. C., on brief), for appellee and cross-appellant.

Before SOPER and HAYNSWORTH, Circuit Judges, and MOORE, District Judge.

HAYNSWORTH, Circuit Judge.

This is a controversy between two insurance companies over their relative obligations respecting the liabilities of a lessee of trucking equipment which had been involved in a highway collision. The District Court held that no effect could be given an excess insurance clause, applicable to hired vehicles, in American Surety's policy issued to the lessee, because of a pro rata contribution clause in Canal's policy issued to the lessor, and covering the specific equipment, the protection of which was extended by an omnibus clause to the lessee. Judgment was entered requiring Canal to make pro rata contribution. 157 F.Supp. 386. Each party has appealed.

Johnson Motor Lines, an interstate carrier, leased from Mary B. Sutherland, doing business as S & S Produce Company, a tractor and trailer with its driver for a single trip from Greenville, S. C., to Philadelphia, Pa. En route, it was in a collision in Virginia, and, thereafter, suits for personal injury and property damage were filed against Johnson Motor Lines in North Carolina. Canal was called upon to defend these actions and to pay any judgments that might be obtained against Johnson Motor Lines, up to the limits of its coverages, but Canal refused to do so. American Surety, thereupon, defended the actions and satisfied the judgments after they were entered. American Surety then filed this suit in the District Court for the Western District of South Carolina by which it seeks reimbursement from Canal of so much of its payment in satisfaction of the judgments as is within the limits of Canal's coverages plus its attorney's fees, costs and expenses incurred in the defense of the North Carolina tort actions.

Canal would first focus all attention upon American Surety's obligations to Johnson Motor Lines and to the tort action plaintiffs under the provisions of its policy, the regulations of the Interstate Commerce Commission and the applicable laws of Virginia. There is no doubt about those obligations, but we do not

overlook Canal's, for protection of its policy was extended by the omnibus clause to Johnson Motor Lines. Johnson Motor Lines had the protection of both policies, and the question is, not what American Surety's loss would have been had the lessor had no insurance, but whether the obligations of the two insurers is concurrent and pro rata or that of the one primary and that of the other secondary and excess.

The common, and highly desirable, practice of including extended coverage clauses in automobile liability insurance contracts, sometimes leads to duplications of coverages. To resolve the questions inherent in such duplications of coverages, most policies incorporate excess insurance or "other" insurance clauses which usually follow the general rule that the policy insuring the liability of the owner of a described vehicle has the first and primary obligation. Thus, American Surety's policy specifically provides that its insurance of Johnson's liabilities arising out of its use of hired vehicles is excess insurance over collectible insurance available to Johnson under a policy applicable to the vehicle.[1] A similar provision, in almost identical language is contained in Canal's policy with respect to the liabilities of S & S Produce arising out of the use of temporary substitute or other vehicles.

 Such excess insurance clauses serve a useful purpose in avoiding conflict. They are neither invalid nor unconscionable, and they may be given effect without invalidating a pro rata contribution clause in the policy providing the other protection. Canal's policy here limits its liability to a proportion of the loss, based upon the relation of the policy limits, if there is other valid and collectible insurance available to the insured. That clause operates in countless situations in which the other insurance is not excess, and it is not rendered meaningless if appropriate effect is given to the excess insurance clauses. Thus, it is generally held, as stated by Appleman, in referring to our exact situation, that "a nonownership clause (coverage of liabilities arising out of the use of a hired or other vehicle) with an excess coverage provision, does not constitute other valid and collectible insurance, within the meaning of a primary policy with an omnibus clause." 8 Appleman, Insurance Law and Practice 334, § 4914; McFarland v. Chicago Exp., Inc., 7 Cir., 200 F.2d 5; St. Paul-Mercury Indemnity Co. v. Martin, 10 Cir., 190 F.2d 455; Zurich General Accident & Liability Ins. Co. v. Clamor, 7 Cir., 124 F.2d 717; Michigan Alkali Co. v. Bankers Indemnity Ins. Co., 2 Cir., 103 F.2d 345; Continental Casualty Co. v. Curtis Pub. Co., 3 Cir., 94 F.2d 710; St. Paul Fire & Marine Ins. Co. v. Garza County Warehouse & Marketing Ass'n, 5 Cir., 93 F.2d 590; Farm Bureau Mut. Automobile Ins. Co. v. Preferred Acc. Ins. Co., D.C.W.D.Va., 78 F.Supp. 561; Aetna Casualty & Surety Co. v. Buckeye Union Casualty Co., 157 Ohio St. 385, 105 N.E.2d 568, 31 A.L.R.2d 1317; American Surety Co. of New York v. American Indemnity Co., 8 N.J.Super. 343, 72 A.2d 798; Speier v. Ayling, 158 Pa.Super. 404, 45 A.2d 385; Grasberger v. Liebert & Obert, 335 Pa. 491, 6 A.2d 925, 122 A.L.R. 1201; State Farm Mut. Auto Ins. Co. v. Hall, 292 Ky. 22, 165 S.W.2d 838; Travelers Indemnity Co. v. State Automobile Ins. Co., 67 Ohio App. 457, 37 N.E.2d 198; Great American Indemnity Co. v. McMenamin, Tex.Civ.App., 134 S.W.2d 734; Central Surety & Ins. Corp. v. London & Lancashire Indemnity Co. of America, 181 Wash. 353, 43 P.2d 12.

 Canal points to an extended coverage provision in American Surety's policy which extends its protection to the owner, if not a carrier required by

---

1. The specific language is:
 "The insurance for Bodily Injury Liability, and for Property Damage Liability with respect to loss arising out of the maintenance or use of any hired automobile shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an Insured under a policy applicable with respect to the automobile or otherwise."

law to carry insurance, of a hired vehicle. Thus the lessor, as well as the lessee, had available to it the protection of both policies. There is no rule, however, that excess insurance may not be extended as such to an additional insured, and there is nothing in the extended coverage provision which suggests that American Surety intended to change the character and nature of the coverage afforded by the policy to its named insured, Johnson Motor Lines. The extended coverage provision does not refer, even by implication, to the excess insurance clause, and, there being no conflict between them, we can, and must, give effect to both of them.

Finally, it is suggested that there is no right of subrogation here because the accident was caused by the negligence of one entitled to the protection of American Surety's policy, and of Canal's also. The rule is, of course, applicable where an insurance company, in derogation of its contract, seeks to be subrogated in the right of its named assured against an additional insured under the omnibus clause, for the additional insured, except as limited in the contract, is entitled to the same protection as the named insured. The rule has no application, however, where the right asserted is the contractual right of Johnson Motor Lines, as an additional insured, to insist that Canal discharge its contractual obligations, and the assertion of the right is not inconsistent with the contractual obligations of the subrogated insurer. The many cases, resolving the conflicting rights of insurers in comparable situations, could not otherwise have arisen. Losses should not fall irrevocably upon that insurer which first recognizes its obligations, while one neglectful of its duty is allowed to escape.

For the reasons stated, we hold that Canal should be required to pay to American Surety the amount of its payment upon the judgments in the tort actions, up to the limits of liability in Canal's policy, and the costs, expenses and attorney's fees incurred in the investigation and defense of the tort claims. The judgment will be reversed and the cause remanded for the entry of judgment in accordance with this opinion.

Reversed and remanded.