CITIZENS MUTUAL AUTOMOBILE INSURANCE COMPANY, a Michigan Corporation, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation, Appellee.

No. 13776.

United States Court of Appeals Sixth Circuit.

Dec. 17, 1959.

John Secrest, Detroit, Mich., for appellant, Carl F. Davidson, Detroit, Mich., on the brief.

Buell Doelle, Detroit, Mich., for appellee, William Smith of Lacey, Jones & Doelle, Detroit, Mich., on the brief.

Before McALLISTER, Chief Judge, and MILLER and WEICK, Circuit Judges.

WEICK, Circuit Judge.

On October 14, 1955 a Ford truck, owned by Howard G. Lillo and leased to the Thomas E. Currie Co., was involved in an accident resulting in serious injuries to Claude Trail and Herman Wilkes. The injured parties thereafter brought suits against both Currie and Lillo.

At the time of the accident Currie was insured against liability for claims arising out of the operation of certain motor vehicles by appellee, Liberty Mutual, the policy limits being in the amount of $100,000 for one person in any one accident. Lillo was likewise insured by appellant, Citizens Mutual, against liability for claims arising out of the operation of the Ford truck. Its policy was in the amount of $25,000 for one person in any one accident. It is conceded that Currie was covered under the omnibus extended insurance clause of the Citizens Mutual policy. Therefore, at the time of the accident Currie was entitled to the benefits of both insurance policies. This controversy revolves around the extent of the liability of the two insurance companies.

Following the accident, Liberty Mutual took the position that, in this particular situation, its policy afforded Currie excess insurance only, and that it was not liable for payment until the Citizens Mutual policy limits had been exhausted. Citizens Mutual contended that the two companies were liable pro-rata according to their policy limits. Both com-

panies realized though that the pending claims should be disposed of as expeditiously as possible, and their private dispute settled thereafter.

Accordingly, a stipulation was entered into between Liberty Mutual and Citizens Mutual, whereby it was agreed that settlement of the claims of Trail and Wilkes would be made on a pro-rata basis, but that such payments would be without prejudice to the respective contentions of either insurance company as to its true liability. Subsequently, the Trail case was settled for $55,000 with appellee paying $44,000 and appellant $11,000. The Wilkes case was settled for $8,750, with appellee paying $7,000 and appellant $1,750.

Liberty Mutual then brought this suit to recover $21,000 (with interest, costs and attorney fees) from Citizens Mutual, that amount representing the difference between what it paid under the stipulation and what it claims it was properly responsible for. Summary judgment in favor of Liberty Mutual was rendered by the District Court on October 28, 1958.

The crux of this case is the effect of "other insurance" clauses in both companies' policies on their respective liabilities.

The Citizens Mutual policy provided:

"If an assured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, that the insurance with respect to temporary substitute automobiles under Extended Insuring Agreement to A (3) and other automobiles under Extended Insurance Agreement No. 3 shall be excess insurance over any other valid and collectible insurance available to the assured, either as an assured under a policy applica-

ble with respect to said automobile or otherwise."

The second provision of this clause has no application in the instant case, as the vehicle in question was owned by appellant's assured. It is only set forth to allow comparison of the over-all intent of appellant's policy with that of the appellee. It is the first, or "pro-rata" clause that is important for the purposes of this decision.

The Liberty Mutual policy provided:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to such automobile or otherwise."

Thus, both policies provide for pro-rata coverage in almost identical language. Although the second provision of each clause is phrased differently, the stated coverage is the same, i. e., excess insurance only for non-owned vehicles on which there is other insurance. Therefore, it can be said that the two clauses are identical in intent.

The question this Court must decide is what is that intent, and the answer to that question is determinative of this action.

By the second provision of both clauses the only insurance coverage extended to non-owned vehicles which are otherwise insured is stated to be excess. Reading this limitation on non-owned vehicles into the first provision of the clauses, it follows that there is no pro-rata cover-

age on non-owned vehicles otherwise insured.

As to the Citizens Mutual policy, the limitation is without meaning, as the vehicle involved in the accident was an owned vehicle of its insured. Therefore, the excess clause of its policy did not come into effect and Citizens was liable for the loss, either entirely or pro-rata, dependent on whether there was other valid insurance against the loss.

As to the Liberty Mutual policy, the truck was a non-owned vehicle covered by other valid insurance and the exemption from pro-rata liability applied. Therefore, the only liability to which appellee was subject was that imposed on it by the excess clause.

The foregoing being true, the Currie Co. did not have "other insurance against a loss" covered by the Citizens Mutual policy, as the only other insurance it had did not become effective until the exhaustion of the Citizens Mutual policy limits. For that reason the pro-rata clause of the Citizens Mutual policy did not apply and it was liable to the full extent of its policy limits.

In each of the following cases it was held that when one automobile liability insurance policy provided for pro-rata coverage and a second provided for excess coverage in the case of non-owned vehicles, the excess clause was to be given its full effect: American Surety Co. of New York v. Canal Insurance Co., 4 Cir., 1958, 258 F.2d 934; United Services Automobile Assoc. v. Russom, 5 Cir., 1957, 241 F.2d 296; General Insurance Co. of America v. Western Fire & Casualty Co., 5 Cir., 1957, 241 F. 2d 289; American Automobile Insurance Co. v. Republic Indemnity Co. of America, Cal.1959, 341 P.2d 675; Citizens Casualty Co. of New York v. Allied Mutual Insurance Co., 1958, 217 Md. 494, 144 A.2d 73; General Accident Fire & Life Assurance Corp. v. Piazza, 1958, 4 N.Y.2d 659, 176 N.Y.S.2d 976, 152 N.E.2d 236; Eicher v. Universal Underwriters, 1957, 250 Minn. 7, 83 N.W. 2d 895; Aetna Casualty & Surety Co. v. Buckeye Union Casualty Co., 1952, 157

Ohio St. 385, 105 N.E.2d 568, 31 A.L.R. 2d 1317; American Motorists Ins. Co. v. Weir, 1946, 132 Conn. 557, 46 A.2d 7; Neighbours v. Harleysville Mutual Casualty Co., D.C.D.Md.1959, 169 F.Supp. 368; Farm Bureau Mutual Automobile Insurance Co. v. Preferred Accident Insurance Co., D.C.W.D.Va.1948, 78 F. Supp. 561; Firemen's Insurance Co. of Newark, New Jersey v. Continental Casualty Co., 1959, 170 Cal.App.2d 698, 339 P.2d 602; Hardware Casualty Co. v. Massachusetts Bonding & Insurance Co., Sup.1954, 129 N.Y.S.2d 304; Norris v. Pacific Indemnity Co., Cal.App.1951, 237 P.2d 666; American Surety Co. of New York v. American Indemnity, 1950, 8 N.J.Super. 343, 72 A.2d 798; Speier v. Ayling, 1946, 158 Pa.Super. 404, 45 A.2d 385.

In each of the following cases it was held that when an excess clause in one automobile liability insurance policy conflicted with another clause in a second policy the excess clause was to be given its natural meaning and applied only upon the exhaustion of the policy limits of the other policy: Employers' Liability Assurance Corp. v. Fireman's Fund Insurance Group, 1958, 104 U.S.App.D.C. 350, 262 F.2d 239; Continental Casualty Co. v. Suttenfield, 5 Cir., 1956, 236 F. 2d 433; McFarland v. Chicago Express, Inc., 7 Cir., 1952, 200 F.2d 5; St. Paul-Mercury Indemnity Co. v. Martin, 10 Cir., 1951, 190 F.2d 455; Zurich General Accident & Liability Insurance Co. v. Clamor, 7 Cir., 1941, 124 F.2d 717; Michigan Alkali Co. v. Bankers Indemnity Insurance Co., 2 Cir., 1939, 103 F.2d 345; Continental Casualty Co. v. Curtis Publishing Co., 3 Cir., 1938, 94 F.2d 710; State Farm Mutual Auto Insurance Co. v. Hall, 1942, 292 Ky. 22, 165 S.W.2d 838; Grasberger v. Liebert & Obert, 1939, 335 Pa. 491, 6 A.2d 925, 122 A.L.R. 1201; Central Surety & Insurance Corp. v. London & Lancashire Indemnity Co. of America, 1935, 181 Wash. 353, 43 P.2d 12; Commercial Casualty Insurance Co. v. Hartford Accident & Indemnity Co., 1934, 190 Minn. 528, 252 N.W. 434, 253 N.W. 888;

Benroth v. Continental Casualty Co., D.C.W.D.La.1955, 132 F.Supp. 270; Travelers Indemnity Co. v. State Automobile Insurance Co., 1941, 67 Ohio App. 457, 37 N.E.2d 198; Great American Indemnity Co. v. McMenamin, Tex. Civ.App.1939, 134 S.W.2d 734. This group of cases sustains the view that "excess insurance" is not considered to be "other valid and collectible insurance" as the term was used in the Citizens Mutual policy.

■ The foregoing authorities represent the overwhelming majority view that when an excess clause in one automobile liability insurance policy conflicts with another "other insurance" clause, and more particularly a "pro-rata" clause, in a second policy, the excess clause controls and is to be given its full effect.

The minority view is represented by the decision in Oregon Automobile Insurance Co. v. United States Fidelity & Guaranty, 9 Cir., 1952, 195 F.2d 958. See also: Lamb-Weston Inc. v. Oregon Automobile Insurance Co., Or.1959, 341 P.2d 110; Arditi v. Massachusetts Bonding & Insurance Co., Mo.1958, 315 S.W. 2d 736; Continental Casualty Co. v. Weekes, Fla.1958, 74 So.2d 367, 46 A.L.R. 2d 1159; Continental Casualty Co. v. St. Paul Mercury Fire & Marine Insurance Co., D.C.S.D.Fla.1958, 163 F.Supp. 325.

In answer to this line of authority it has been said:

"Although this reasoning [referring to cases honoring an excess clause] has been referred to as circular, depending on which policy one happens to read first (see Oregon Auto Ins. Co. v. United States Fidelity & Guar. Co., 9 Cir., 195 F.2d 958, 960), we have concluded that the result reached in the cases cited above is correct. When the "other insurance" clauses are construed in

accordance with their purpose, the pro-rata clause in the owner's policy, as we shall see, is not applicable to a situation like the one involved here.[1]

"The only construction of the "other insurance" clause under which both its parts will be meaningful is that the *excess* provision alone controls in every situation which falls within its terms * * * and that the *pro-rata* provision alone governs in all other situations, for example, when more than one policy has been issued to the same person." American Auto. Ins. Company v. Republic Indemnity Co. of America, Cal.1959, 341 P.2d 675, 678.

This expression of the California Supreme Court represents a well considered, logical approach to the problem and forcefully lends itself to adoption. It should be noted that since the Oregon decision was handed down three United States Courts of Appeal and four state Supreme Courts have reached a different conclusion.[2]

In New Amsterdam Casualty Co. v. Hartford Accident & Indemnity Co., 6 Cir., 1940, 108 F.2d 653, this Court passed on another question concerning conflicting "other insurance" clauses.

An accident occurred involving a truck owned by Louisville Taxicab Co. and rented to Kaufman-Straus Co. Kaufman-Straus' insurance policy contained a clause extending excess insurance only for non-owned vehicles on which there was other valid insurance covering the loss. However, Louisville's insurance provided that if others than the named assured, entitled to the benefits of the policy by virtue of extended coverage, had other insurance against a covered loss the extended coverage provision would be void. Under that state of facts it was held that as Kaufman-Straus' policy was

1. The situation was identical to that presented in the instant case.

2. American Surety v. Canal, supra (C.A. 4); United Services v. Russom, supra (C.A.5); Employers' Liability v. Fire-

man's Fund, supra (C.A.D.C.); American Auto. v. Republic Indemnity, supra (Cal.); Citizens Casualty v. Allied Mutual, supra (Md.); General Accident v. Piazza, supra (N.Y.); Eicher v. Universal Underwriters, supra (Minn.).

the first in effect in point of time it operated to void the extended coverage of Louisville's insurance, and that Kaufman-Straus' insurer was solely liable. Cf. Continental Casualty Co. v. Weekes, supra.

That decision is not controlling herein. It merely held that since other valid insurance was in force, the "escape clause" governed over the "excess clause". That a different result from that reached herein may follow where the clash in clauses is not between an "excess" and a "pro-rata" is exemplified by the recent decision in Cosmopolitan Mutual Insurance Co. v. Continental Casualty Co., 1959, 28 N.J. 554, 147 A.2d 529. While holding that a conflict between two excess clauses required pro-ration of liability the court recognized that:

> "The general rule [is] that where an excess clause and a pro-rata clause appear in concurrently effective automobile liability policies, the pro-rata clause is disregarded and full effect is given to the excess clause, making the pro-rata policy the primary insurance (28 N.J. at page 561, 147 A.2d at page 533)."

At first blush it would seem somewhat unfair to place primary responsibility on the lessor's insurer, as the accident occurred while the vehicle was under the control of, and operated by, the lessee. As was stated in American Surety v. American Indemnity, supra (quoting from Grollimund v. Germania Fire Ins. Co., 82 N.J.L. 618, 83 A. 1108, L.R.A. 1915B, 509) :

> "Questions of contribution between coinsurers have caused much trouble to the courts, a large part of which has arisen through efforts to equalize equities outside the contract. This trouble is lessened if the parties are left with their contracts as they themselves have made them."

3. Sections 19.11, 19.4, 19.7, Michigan Statutes Annotated, Comp.Laws 1948, §§ 438.-7, 438.51. Baker v. Northern Assurance Company, 214 Mich. 540, 183 N.W.

 The allowance of interest on this judgment is also assigned as error.

Appellant asserts that under the terms of the stipulation with appellee no interest should have accrued pending the disposition of their dispute.

Appellant's interpretation of the effect of the stipulation was not shared by the District Court and is not supported by any pertinent Michigan authorities. To the contrary, it appears that under the Michigan statutes and decisions interest was properly allowed.[3]

The judgment below is affirmed.

61; Ford Motor Company v. Bradley Transportation Co., 6 Cir., 1949, 174 F.2d 192.