**NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**FIDELITY & CASUALTY COMPANY OF NEW YORK, a corporation, and United States Fidelity & Guaranty Company, a corporation, Defendants.**

Civ. A. No. 16468.

United States District Court
W. D. Pennsylvania.

July 22, 1960.
Judgment Reversed Jan. 18, 1961.

Lee C. McCandless, Butler, Pa., for plaintiff.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendants.

**378**

WILLSON, District Judge.

The parties to this civil action are insurance carriers. The plaintiff insurance carrier seeks a declaratory judgment of this court with respect to the rights, privileges, duties, obligations and legal relations of the parties under the terms of their respective policies. In its brief, plaintiff says one of the issues is which carrier under its policy has the primary responsibility to defend one Melvin Plunkard, the driver of a truck involved in an accident. The jurisdiction is diversity of citizenship with the cause of action founded on the declaratory judgment statute, 28 U.S.C.A. § 2201. There is an actual controversy involving a sum over the jurisdictional amount required as of December 3, 1957, the date the complaint was filed. The facts on which counsel for the parties say the court can decide the issues among the three companies have been stipulated. This opinion, pursuant to the provisions of Fed. Rules Civ.Proc. Rule 52, 28 U.S.C.A., will be regarded as comprising the findings of fact and the conclusions of law.

The stipulation of facts as filed is referred to and made a part hereof but briefly stated the facts are—plaintiff is Nationwide Mutual Insurance Company, a corporation existing under the laws of Ohio but doing business in Pennsylvania. The first named defendant, Fidelity and Casualty Company is a New York corporation, but it likewise does business in Pennsylvania. The second defendant, United States Fidelity and Guaranty Company, is a corporation existing under the laws of the State of Maryland, but does business in this Pennsylvania Judicial district. Each of the litigant corporations are citizens of the respective state where they were organized and incorporated.

Plaintiff issued its truck liability insurance policy to John W. Snyder covering several of his trucks, including a 1950 Dodge Dump Truck. Defendant, Fidelity and Casualty Company, issued a policy to one Robert Sechan who held a P. U. C. certificate under the Public Utility Commission of Pennsylvania covering a 15 mile radius from the City of Butler in this district. A third policy was issued by defendant, United States Fidelity and Guaranty Company, to the Ralph Myers Contracting Company covering all those engaged by the company in furthering the completion of a road reconstruction contract Myers had with the State of Pennsylvania. All policies were in effect September 26, 1956. Robert Sechan had a subcontract under Myers to do the hauling of material on the roadway reconstruction within a 15 mile radius of Butler, Pa.

Snyder owned three trucks insured by plaintiff. Snyder's trucks had been hauling coal, but on September 25, 1956 this work ended, at least temporarily. On that evening Snyder instructed his three drivers to take the three trucks the next morning to the Myers road job for the purpose of getting work for themselves and the trucks. The drivers reported at the Myers job at 7:00 A. M. on Sept. 26th. They were put to work by Myers. One of the three trucks was discharged from the Myers job at noon because it was physically unsuited to the type of work then being done. About 3:30 P. M. of the same day one of Snyder's trucks, driven by Melvin Plunkard, was involved in an accident with a car driven by Larry Cushey, in which accident Donald Wayne Blakely came to his death and Cushey was seriously injured. A second passenger, Leroy Neupert, was severely and permanently injured and is a hopeless invalid. It is not clear from the stipulation of facts and the court does not find that the truck being driven by Plunkard was actually hauling material for Myers at the time of the accident.

The Administrator of the Estate of Donald Wayne Blakely sued Larry Cushey, Melvin Plunkard, John W. Snyder, Robert Sechan and the Ralph Myers Contracting Company at A. D. 5 March Term, 1957, Common Pleas Court of Butler County, Pa. The case was so proceeded in that a settlement was approved by the court under date of February 2, 1957 for the total sum of $5,000, with Larry Cushey paying the sum of $2,500

and Melvin Plunkard and John W. Snyder paying the sum of $2,500 and reserving to the defendants paying the claim the right to recover over or the right of subrogation against Robert Sechan and Ralph Myers Contracting Company, which right was reserved under the Joint Tortfeasors Act of Pennsylvania, 12 P.S. § 2082 et seq.

Larry Cushey, a minor by Joseph A. Cushey Guardian, and Joseph A. Cushey, individually, sued Melvin Plunkard, John Snyder, Robert Sechan and Ralph Myers Contracting Company in the Common Pleas Court of Butler County at A. D. 68 December Term, 1957, which suit was tried, a compulsory nonsuit was granted and the same is presently before the Common Pleas Court of Butler County on a Motion to remove the compulsory nonsuit.

A suit was filed by Leroy Neupert, a minor by Kenneth F. Neupert Guardian, and Kenneth F. Neupert, individually against Ralph Myers Contracting Company, Robert Sechan, Jr., Melvin Plunkard, John Snyder and Larry Cushey in the Common Pleas Court of Butler County, Pennsylvania, at A. D. 13 December Term 1958, which suit was started by the filing of a summons and no complaint has yet been filed due to the medical expense which is known to exist in the sum of over $12,000 and hence, by reason of the serious and permanent injuries to the minor, this suit has possibilities of a substantial recovery.

It is further found that the driver, Plunkard, had been an employee of Snyder for some period before the accident, and on the day in question his wages were paid by Snyder. For hauling work done on that day, Snyder received payment from Sechan, Myer's subcontractor, the total being $71.94. What has been stated up to this point is the factual background concerning which there is no controversy.

The basic dispute among the parties arises because both the plaintiff and the defendants rely upon their respective "other insurance" clauses in fixing primary liability with respect to the payment of any settlement or judgment obtained in any of the civil actions filed in the Common Pleas Court of Butler County, Pa. It is to be noticed initially that each policy requires the respective carrier to undertake a defense of any claim or suit. The "other insurance" clauses are more fully set forth in the exhibits attached to the complaint but the pertinent provisions of the Nationwide policy read:

" * * * Note 3—(2) Other Insurance. With respect to any automobile of the commercial type while leased or loaned to any person or organization other than the Named Insured, engaged in the business of transporting property by automobile for others, or any hired private passenger automobile insured on the 'cost of hire' basis, or any non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance. * *"

Each of the defendant's policies also provide that in the event that there is "other insurance" covering the risk that their respective policies shall be excess insurance over and above any other valid and collectible insurance. The result is that each litigant asserts that it has secondary liability, it being responsible only after the other policy limits have first been exhausted, and each asserts that the other has the duty to defend in the Butler County suits in the first instance.

Under these facts and circumstances, plaintiff, Nationwide, seeks an adjudication that it is not only not required to defend the law suit in Butler County but that its policy is excess and that it will be held responsible only in the event that the coverage extended to Plunkard under the two defendant's policies is first exhausted in full. The court is unable to grant the relief demanded by plaintiff. Under the facts as agreed to, the driver, of course, had permission to operate the vehicle and he is directly liable if negligent. Whether or not Snyder is Plunkard's employer in the first instance, and was his employer at the time of the accident, has not been settled. In the trial

of the case, the jury may determine the agency relationship of Plunkard with Snyder and also with Sechan and Myers. It may find that Plunkard was acting for any one or all of them. Under these circumstances then, is plaintiff presently entitled to a judgment relieving it of not only its responsibility to defend Plunkard, but one which relieves it of the primary responsibility for payment of any judgment rendered against Plunkard who operated the truck covered by plaintiff's policy? It seems to this court that the factual situation and the Pennsylvania decisions require that plaintiff make a defense in the state court on behalf of the persons sued. This being a diversity case the law of Pennsylvania controls.

Counsel for each of the parties cite Grasberger v. Liebert & Obert, Inc., Appellant, et al., 335 Pa. 491, 6 A.2d 925, 122 A.L.R. 1201. Defendants say the decision is controlling on the instant issues. Plaintiff cites the case but only as an illustration of the fact that the Pennsylvania Supreme Court recognizes the excess coverage principal. In the case cited, one Reitheimer leased a truck to Liebert & Obert, Inc., on a weekly basis together with a driver whom Reitheimer hired and paid. Plaintiff was hit and injured by the truck and brought suit against the lessee, Liebert & Obert, Inc., alone. Under state practice Reitheimer, the owner, was brought in as an additional defendant. The jury verdict was against the defendant and additional defendant, that is against both the owner and the lessee, as there was evidence of control by both. The owner's insurance carrier, that is Reitheimer's, paid the judgment in full and had it marked to its use, intending to collect contribution from the lessee's carrier. The court held that the verdict of the jury established that both the defendant and additional defendant were in joint control of the operator of the truck and in pari delicto. Ordinarily, said the court, in such a situation, the one who pays the judgment has the right of contribution from the other party guilty of the joint wrong. Admittedly, said the court, this would

cover the liability of the defendant but the court pointed out the Threshermen's policy provision which contained the clause that in the event of coverage by other valid inusurance against a claim otherwise covered by the policy 'no insurance under this policy shall be applicable to such claim". There was then left for decision, the issue whether the lessee, Liebert & Obert, Inc., was covered by other valid insurance against a claim otherwise covered by the policy. This arose because the lessee had a policy with Aetna Company with a limit of liability for injuries to one person of $25,000 but which provided that in the event that there was other coverage than the Aetna policy was to be excess coverage over and above the valid and collectible insurance under a policy taken out by the owner or operator of the vehicle. In interpreting the two clauses the court said:

" * * * It is clear that this and the Threshermen policy cover different losses, or at least different parts of the same loss. They do not have identity of scope, the Aetna policy not coming into operation until defendant has exhausted the insurance to which it is entitled under the policy to Reitheimer. Therefore the clause in the latter policy which withholds protection to defendant if covered by other insurance is not applicable because up to the amount of the coverage of the policy, defendant is not covered by other insurance. Accordingly that clause does not nullify the insurance given to defendant by the terms of the policy. It follows that no part of the money paid to plaintiff by the Threshermen Company is recoverable by it from defendant, and that the latter's rule to have the judgment marked satisfied should have been made absolute. * * * "

█ Placing the parties in the instant case in the same position they occupied in the Grasberger case, it is to be noted that Snyder orally leased his truck to Sechan or perhaps even Myers, together with a driver. Snyder is covered by a fleet

policy with plaintiff. He was paid by Sechan for the use of his vehicle and driver. Sechan, Myers' subcontractor, is in the same position as the defendant, Liebert & Obert, Inc., in the Grasberger case. The wording of the policy provisions are somewhat different but the result for all practical purposes is the same. For instance, in plaintiff's policy, if there is other collectible insurance then plaintiff claims that its coverage is excess. In the Reitheimer policy, in the event of other insurance, there was no coverage. Under the Grasberger case, not only Snyder but Sechan and perhaps Myers are entitled to protection under the policy issued to Snyder, that is Nationwide's policy. Plaintiff's policy is not excess, at least up to $100,000, the coverage for personal injury in this instance.

Plaintiff has cited many decisions holding to the contrary to the foregoing decision in the Grasberger case. Plaintiff points out that its policy provides that Snyder's truck was not covered, while leased or loaned to any person engaged in the business of transporting property and in the business of such person over a route, such person is authorized to serve by public authority. Plaintiff makes the point that the truck in question was solely on Sechan's business at the time of the accident as a hired vehicle. The difficulty with that argument is that the stipulation of facts does not support it. At the trial the jury may find that there was joint control the same as in the Grasberger case. If so, then the holding in the Grasberger case applies with greater force. It is difficult to perceive how the court, under the facts presented, can rule that Nationwide is only excess which is what the court would have to do to grant the relief prayed for by plaintiff. Under the Grasberger case, plaintiff's policy protects not only Plunkard, the driver, but Snyder, the owner, and Sechan, the lessee.

The Grasberger decision has been followed in Pennsylvania and elsewhere since it was announced. See Speier, et ux. v. Ayling et al., Appellants, 158 Pa.Super. 404, 45 A.2d 385. To that same effect is Citizens Mutual Automobile Insurance Company v. Liberty Mutual Insurance Company, 6 Cir., 273 F.2d 189, in which the Grasberger decision is cited as being representative of the majority view on the issue presented.

One further observation is perhaps appropriate. In its complaint plaintiff seeks a declaratory judgment. The decision sought by plaintiff is a judgment that the primary duty to defend and pay to the limit of its policy rests in the defendant, United States Fidelity and Guaranty Company, the insurer of Ralph Myers Contracting Company. Plaintiff says the secondary duty to defend and pay is required of the defendant Fidelity and Casualty Company as the insurer of Robert Sechan; and finally plaintiff asserts that the court should adjudicate that Nationwide under its "excess insurance" provision has a duty to defend and pay after the limits of the other two policies are exhausted. As indicated, the court cannot grant the relief prayed for. It is felt, however, that the only appropriate judgment to be entered is one which requires plaintiff to defend the law suit pending in Butler County, Pa. One result of that law suit may very well be that none of the defendants will be held liable because of the lack of negligence on the part of the driver, Plunkard. The court recognizes that under federal practice a declaratory judgment should only be entered when such a judgment ends the whole controversy, but under the facts presented in the instant case, it is not possible to enter a final judgment ending the controversy. The effect of the instant holding simply is that plaintiff defend the parties sued. A jury verdict and final judgment thereon may or may not require plaintiff to pay the whole of the judgment.