## Continental National Ins. Group v. Ohio Farmers Ins. Co.

*Dickie, McCamey, Chilcote & Robinson,* for plaintiff.
*Stein & Winters,* for defendant.

PRICE, J., February 9, 1966.—This matter comes before the court on defendant's preliminary objection in the nature of a demurrer to plaintiff's complaint, wherein defendant argues that plaintiff's complaint fails to state a cause of action against defendant. The facts are not in dispute. Both plaintiff and defendant are insurance companies, with plaintiff being the insurer of an automobile rental company while defendant is the insurer of an employer and its agent. Both of these policies of insurance are automobile public liability policies. The employer, through its agent, rented a car from plaintiff's insured and said agent, while driving the rented automobile, struck and injured several persons. The liability of the employer and its agent is unquestioned, and in a suit filed by the injured persons against the employer and its agent, plaintiff insurance company negotiated a settlement and obtained releases for the total settlement of $15,000. It is agreed that the settlement was a fair and reasonable one. Plaintiff now files this action against defendant, seeking contribution in the amount of $7,500 from defendant on the theory that plaintiff and defendant owed

equal duties of coverage to the employer and its agent.

Both policies in this dispute contained excess coverage clauses. Plaintiff contends that, in such an instance, such clauses are a nullity and that both insurers are, therefore, primary insurers and that both companies must share equally in the loss of settlement. Defendant argues that plaintiff is the primary insurer and, as such, is liable primarily for the limits of plaintiff's coverage, which were $100,000 per injury and $300,000 per accident. Obviously, the settlement did not exhaust plaintiff's limits, and if plaintiff alone is the primary insurer, it is entitled to no contribution from defendant.

Plaintiff relies in its brief exclusively upon cases from other jurisdictions, which unquestionably have held that, in similar situations, excess clauses similar to the ones at issue here are a nullity and both insurers must contribute equally. Plaintiff cites only one Pennsylvania case in support of its argument, a case from the County Court of Allegheny County, Continental Casualty Co. v. Aetna Casualty & Surety Co., reported in 33 D. & C. 2d 293, 113 Pitts. L. J. 40 (1963), and in an opinion by President Judge Lencher. Undoubtedly, plaintiff's contention is supported by the majority of jurisdictions in the United States.

Unfortunately for plaintiff, and contrary to statements contained in its brief, there are Pennsylvania authorities supporting defendant's arguments. The court finds that the cases of Grasberger v. Liebert & Obert, Inc., 335 Pa. 491 (1939), and Pinkerton National Detective Agency, Inc., v. Penn-U-Drive, Continental Casualty Co., 113 Pitts. L. J. 36 (1964), are controlling in the instant case. In addition to the Pennsylvania authorities above cited, the court, after an examination of plaintiff's policy, believes that the clear intent of plaintiff's policy is that it is the primary insurer of any accident arising out of the operation of

the owner's vehicles. Accordingly, an order will be entered sustaining defendant's preliminary objection and dismissing plaintiff's complaint.