**JAMESTOWN MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**ERIE INSURANCE EXCHANGE, Defendant.**

**C.A. No. 12–71 Erie.**

United States District Court,
W. D. Pennsylvania.

Feb. 10, 1972.

Gary J. Shapira, Erie, Pa., for plaintiff.

John F. Potter, Erie, Pa., for defendant.

## OPINION

WILLSON, Senior District Judge.

In the complaint as filed the plaintiff, Jamestown Mutual Insurance Company, sought a declaratory judgment to settle a controversy between it and Erie Insurance Exchange, the defendant. Erie filed a motion to dismiss based on the ground that there was no actual controversy between the parties.

On March 4, 1968, Jamestown had executed its automobile insurance policy to one Ralph W. Lyons indemnifying him among other things against the usual liability for damages to persons and property resulting from the ownership, maintenance and use of a 1964 Buick automobile, a copy of plaintiff's policy being attached to the complaint.

On September 25, 1968, Lyons had taken his Buick Sedan to the Dillaman Brothers Body Shop in Meadville in this District for the purpose of having it repaired. Dillaman loaned Lyons a 1960 Chrysler Sedan to drive until the repairs on his car were completed. Dillaman was insured by the defendant, Erie Insurance Exchange, under its pioneer combination garage policy, a copy of which is attached to the complaint and marked Exhibit B.

On October 2, 1968, Lyons was driving the Dillaman Chrysler in the City of Meadville and was involved in an accident as a result of which he was sued in the Common Pleas Court of Crawford County, Pennsylvania by Lucille Lindsey and John E. Lindsey, her husband.

The Lindsey suit against Lyons was pending only at No. 148 September Term 1970 in the state court when the argument on the motion to dismiss was heard. Thereafter a stipulation, which is a part of this record, was entered into by the parties to this case pursuant to which Jamestown undertook to defend Lyons without waiving any rights against Erie. Jamestown engaged counsel to defend Lyons in the Lindsey suit in the state court. That suit now has been concluded, and Jamestown has paid out a total sum of $12,191.95 in behalf of Lyons which includes the amount of the Lindsey settlement, plus counsel fees, and various costs.

In the amended complaint Jamestown alleges that Erie had the primary responsibility to indemnify Lyons on the Lindsey claim and as plaintiff has discharged this obligation, as it agreed to do in the stipulation, it seeks recovery from Erie in the amount that it has paid, the result being, of course, that there is now an actual controversy between these parties.

The case is now before me on motions for judgment on the pleadings filed by each of the parties hereto.

■ Under the motions and the undisputed facts, this Court must determine which of the two insurance companies provided coverage to Lyons while he was driving the garage car which had been loaned to him while his Buick car was being repaired. This is an issue which arises rather frequently of late. It seems that insurance companies are indefatigable in devising language which excludes coverage rather than accepts it in these situations. For instance in this case each company says the exclusion language in its policy puts coverage on the other company. In this case the law of Pennsylvania applies under the diversity rule, as both companies do business in this District, and the policies were delivered here, and the accident ocurred here. The issue is even more perplexing than usual in this instance because both coun-

sel agree that there are no Pennsylvania Appellate Court decisions which rule on the point at issue.

The Jamestown policy contains what is commonly known as an "excess clause," whereas the Erie policy contains the provision which is commonly known as an "escape clause" or a "no liability clause." The policy which Lyons had with the plaintiff, Jamestown, for his personally-owned vehicle, contained a paragraph titled "OTHER INSURANCE," which provided as follows:

"Provided, however, the insurance with respect to a temporary substitute automobile, or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The pertinent provision of the Erie policy is found on page 3 of the Pioneer policy under the Section titled "PERSONS INSURED." Section A 2(e) reads as follows:

"None of the following is an *Insured* under coverage A—bodily injury, liability and coverage B—property damage, liability: any person other than the named *Insured*, if such person has available to him any other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garage."

Under these provisions it must be determined whether Jamestown or Erie is liable for the damages to the Lindseys, that is to say, which policy is to prevail: the one with the escape clause, which is plaintiff's, or the one with the no-liability clause, which is defendant's. The text books and the decisions are numerous with respect to discussions on this issue. A decision of the Seventh Circuit Court of Appeals, Indiana Lumbermens Mutual Insurance Co. v. Mitchell, 409 F.2d 392, (1969), is four-square in defendant's favor. This is the Illinois Rule and has been followed in a number of states. Couch on Insurance, 2d., Vol. 16,

Section 62:75 is titled "Excess and no-liability clauses," and says:

"Where the no-liability clause expressly provides that the insurance does not apply to any loss covered by other specified types of insurance, including the excess insurance type, it has been held that the insurer whose policy so provides is absolved from liability."

There are a number of decisions in various courts which support the foregoing principle and which if followed in the instant case would relieve defendant, Erie, from liability.

On the other hand it seems to this Court that the general expression found in Grasberger v. Liebert and Obert, Inc., 335 Pa. 491, 6 A.2d 925, and Carolina Casualty Insurance v. Pennsylvania Threshermen and Farmers Mutual Casualty Insurance, 216 F.Supp. 325, 327 F.2d 324, (1964), require a decision by this Court that the Erie policy provides the coverage. In the *Carolina Casualty* case, this particular Judge wrote the opinion in 216 F.Supp. 325. Generally speaking this Court favors the rule that the owner's policy is primarily responsible in situations of this kind. This, of course, places liability upon defendant, Erie. But a decision in this circuit some years ago is in accord. See Continental Casualty Co. v. Curtis Pub. Co., 94 F.2d 710, (1938). Also the text books favor the plaintiff in this instance. Defendant cited Couch, Section 62:75, but the next paragraph in the same volume, Section 62:76, "No-liability policy held primary," is in the following language:

"Where one of the policies contains an excess insurance clause and the other contains a no-liability clause, the conflict has been resolved in the greatest number of cases by imposing liability on the insurer issuing the policy containing the no-liability clause. The rationale for this holding has been that the policy constituting excess insurance only did not provide other collectible coverage so far as the no-liability clause of the other policy was concerned.

Appleman on insurance law, Vol. 8, Sectio 4914, is in accord also with Section 62:76 of Couch and 46 A.L.R.2d, 1163–1169, Later Case Service, page 687 in discussing "[b] Conflict between 'no liability' clause and 'excess insurance clause.'" The following sentences appear with authority cited:

"Decisions of courts generally show favor of excess clauses and disfavor of escape clauses."

"In case of conflict between excess and escape clauses, effect should be given to excess clause."

"In case of conflict between 'escape' and 'excess' clause, 'excess' clause is to be given effect."

As heretofore indicated, there appears to be no authoritative appellate decision in Pennsylvania controlling this issue, but it is believed by the Undersigned that the better view favors the plaintiff in this issue.