419 A.2d 105

HOME MUTUAL INSURANCE CO.

v.

The SHELBY MUTUAL INSURANCE COMPANY, Lloyd A. Hummel, Phyllis J. Hummel, Jeffrey Hummel, a minor, and David Hummel, a minor.

APPEAL of The SHELBY MUTUAL INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed March 14, 1980.

Steven A. Bergstein and Donald H. Lipson, Allentown, for appellant.

Mark H. Scoblionko, Allentown, for Home Mutual Insurance Company, appellee.

Armin Feldman, Allentown, will not file a brief on behalf of the Hummels, appellees.

Before CERCONE, President Judge, and WATKINS and LIPEZ, JJ.

CERCONE, President Judge:

The instant appeal raises a question of first impression in Pennsylvania: whether two insurance companies, one of which insures a husband's vehicle and the other insures the wife's vehicle, must share damages pro rata in certain circumstances under the uninsured motorists coverage of their policies. The hearing court in this declaratory judgment action found that they must so share. We affirm, albeit for a different reason from that which persuaded the court below.

The material facts are not in dispute: On or about February 13, 1977, Lloyd Hummel was driving his wife's automobile, with his wife and two sons as passengers, when they were involved in a collision with another vehicle. The operator of the other vehicle was uninsured. At the time of the accident Mrs. Hummel's automobile was insured by Home Mutual, while Mr. Hummel, who owned a separate vehicle, was insured by Shelby Mutual. Both Mr. and Mrs.

Hummel submitted their claims to their respective carriers. Home Mutual took the position, with which the hearing court agreed, that Shelby Mutual was liable for a pro rata share.[1] Shelby Mutual's position was that, under these circumstances, its coverage was "excess" coverage, and Home Mutual was primarily liable up to policy limits for the damages.

Logically, analysis must commence not with whether the disputed term in Shelby Mutual's insurance contract is void, but rather with whether the Shelby Mutual policy is now accountable for payment of benefits. See, *e. g., Grasberger v. Liebert & Obert, Inc.*, 335 Pa. 491, 6 A.2d 925 (1939); *Speier v. Ayling*, 158 Pa.Super. 404, 405, 45 A.2d 385 (1946); *Insurance Co. of N. America v. Continental Cas. Co.*, 575 F.2d 1070, 1073 (3d Cir.1978); *American Home Assurance Co. v. American Employers Ins. Co.*, 384 F.Supp. 3, 5 (E.D. Pa.1974); *Jamestown Mut. Ins. Co. v. Erie Ins. Exch.*, 357 F.Supp. 933, 935 (W.D.Pa.), *aff'd.*, 474 F.2d 1339 (3d Cir. 1972); *United States F. & G. Co. v. Liberty Mut. Ins. Co.*, 327 F.Supp. 462, 465 (M.D.Pa.1971). Home Mutual's contract initially provides that it will pay uninsured motorist benefits to Mr. Hummel as an injured passenger of Mrs. Hummel's vehicle. However, Home Mutual's coverage is

---

1. The hearing court reasoned that the insurance contracts were mutually repugnant on the question of pro rata liability, but reached the conclusion that pro rata coverage was required as a matter of public policy in Pennsylvania.

   We do not discern that *State Farm Mut. Auto. Ins. Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978) and *Harleysville Mut. Cas. Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968) stand for the proposition that under the Act an insurer may not contend its coverage is excess and will not apply until the primary insurance actually available is exhausted. Rather, we believe that determining priorities in this fashion is consistent with both the design and purpose of the Act, at least in cases where both insurers acknowledge their potential liability and such a distribution would not result in reducing coverage below the minimum statutory limits. See *Williams*, 481 Pa. at 140–41, 392 A.2d 281; *Nationwide Mut. Ins. Co. v. Ealy*, 221 Pa.Super. 138, 289 A.2d 113 (1972), *ovrld. on other grounds*, 481 Pa. 130, 392 A.2d 281 (1978); *Adelman v. State Farm Mut. Auto. Ins. Co.*, 255 Pa.Super. 116, 128–29, 386 A.2d 535, 541 (1978). *See generally* Annot., 28 A.L.R.3d 551, 556 (1969 & Supp.1978).

not exclusive, but is *limited* to its share when "there is other applicable similar insurance. [Its] share is the proportion that [its] limit of liability bears to the total of all applicable limits." See Reproduced Record at 40a. The question becomes whether the policy issued by Shelby Mutual to Mr. Hummel is other applicable similar insurance.

Turning to Shelby Mutual's policy, it is similar insurance, that is, uninsured motorist coverage. It is also applicable on a pro rata basis [2] unless the "excess clause" of its contract limits recovery. Utilizing the pertinent definitions provided by the Shelby Mutual policy, as we must, *see e. g., Adelman v. State Farm Mut. Ins. Co.,* 255 Pa.Super. 116, 122, 386 A.2d 535, 538 (1978); *Great Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 412 Pa. 538, 541, 194 A.2d 903, 905 (1963), this "excess clause" reads: "With respect to bodily injury to [Mr. or Mrs. Hummel] while occupying *an automobile not owned by* [Mr. or Mrs. Hummel], the insurance under [this part] shall apply only as excess insurance. . . ." (Emphasis added.) See Reproduced Record at 65a–66a. Thus, contrary to Shelby's position, the contracts when read together expressly provide that in this factual situation both insurers are primarily liable on a pro rata basis. In this regard, Shelby misperceives the holding in *Grasberger v. Liebert & Obert, Inc.,* 335 Pa. 491, 6 A.2d 925 (1939). While *Grasberger* acknowledged that an excess coverage clause will be enforced when applicable, *i. e.,* that "excess" coverage is not available until "primary" coverage is exceeded, it reached this result on the basis of the language of the particular clause there under consideration. See also *Speier v. Ayling,*

2. Shelby's policy recites:
"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of the liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance." *See* Reproduced Record at 66a.

158 Pa.Super. 404, 410, 45 A.2d 385, 388 (1946).[3] *Grasberger* simply holds that when the terms of a policy are unambiguous they will be given effect as written, except when they conflict with applicable statutory prohibitions.

Accordingly, the order of the court below is affirmed.

WATKINS, J., dissents.

**3.** Shelby's reliance upon *Jamestown Mut. Ins. Co. v. Erie Ins. Exch.*, 357 F.Supp. 933, 935–36 (W.D.Pa.), *aff'd*, 474 F.2d 1339 (3d Cir. 1972) and *United States F. & G. Co. v. Liberty Mut. Ins. Co.*, 327 F.Supp. 462, 465 (M.D.Pa.1971) is clearly misplaced. These cases both dealt with the distinct question of priority of coverage when there is a conflict between an "excess clause" of one policy and an "escape clause" of another potentially available policy. *See Ins. Co. of N. America v. Continental Cas. Co.*, 575 F.2d 1070, 1072–73 (3d Cir. 1978).