CONTRANS, INC., David J. Early and St. Paul Fire and Marine Insurance Company, Plaintiffs,

v.

RYDER TRUCK RENTAL, INC., Old Republic Insurance Company, A–1 Disposal, Inc., Charles R. Toney and American Universal Insurance Company, Defendants.

Civ. A. No. 86–103 Erie.

United States District Court, W.D. Pennsylvania.

Dec. 3, 1986.

Mark E. Mioduszewski, Knox Graham McLaughlin Gornall & Sennett, Erie, Pa., for plaintiffs.

John M. Wolford, Andrew J. Conner, Erie, Pa., for defendants.

## OPINION

MENCER, District Judge.

The instant matter is before the Court on plaintiffs' motion for summary judgment. In this declaratory judgment action, plaintiffs are demanding that defendants extend insurance coverage for an incident involving plaintiff David J. Early. In resolving this dispute, the one ultimate issue presented is whether the policy issued by defendant Old Republic Insurance Company (hereinafter "Old Republic") contains an "escape" clause which conflicts with an "excess insurance" clause in the policy issued by plaintiff St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul"). Clearly, under Pennsylvania law, where a conflict does exist between an "excess" and an "escape" clause, courts refuse to give effect to the "escape" clause. Here, concluding that an "escape" clause in the Old Republic policy conflicts with an "excess" clause in the St. Paul policy, the Court finds defendants to be primarily liable to plaintiffs and, as such, enters judgment for plaintiffs.

The relevant undisputed facts are: on December 12, 1983, a collision occurred on Interstate Route 80 in Clearfield County, Pennsylvania between a tractor-trailer unit

operated by David J. Early, a Massachusetts resident, and a tractor-trailer operated by Charles R. Toney, a Michigan resident. The tractor-trailer driven by Mr. Toney was owned by A-1 Disposal, Inc., a Michigan corporation. The tractor driven by Mr. Early was owned by Ryder Truck Rental, a Florida corporation, and leased to Erving Paper Mills, a Massachusetts corporation. Erving Paper Mills subsequently assigned its rights under this lease agreement to its corporate affiliate, Contrans, Inc., also a Massachusetts corporation. The trailer driven by Mr. Early was owned by Chancellor Fleet Corporation, a Massachusetts corporation, and leased by Chancellor to Erving Paper Mills. Both the Ryder tractor and the Chancellor trailer were being operated by Mr. Early pursuant to an agreement between Driver's Pool, Inc., Early's employer, and Contrans, Inc.

Pursuant to its duties under the terms of the lease agreement with Erving Paper Mills, Ryder obtained insurance coverage from Old Republic, a Pennsylvania Corporation. Additionally, in accord with its obligations under the terms of the agreement with Driver's Pool, Contrans procured risk insurance coverage from St. Paul, a Nebraska corporation, through an independent insurance agency in Massachusetts. Because of an overlap in these policies, the focus of the current dispute is on how liability coverage should be apportioned among these two insurers.

Ryder and Old Republic do not dispute that they owe both coverage and a defense to Mr. Early and Contrans. Defendants admit that under the terms of the Old Republic policy, the primary insurer for the leased tractor is Ryder. However, defendants contend that these same terms direct that primary insurance for the trailer be provided under the St. Paul policy. Accordingly, defendants' position is that each insurer has a concurrent duty to defend and to insure against any liability which may result for the entire tractor-trailer unit in the pending property damage action brought by A-1 Disposal, Inc. *A-1 Disposal, Inc. v. David J. Early, Contrans, Inc. and Ryder Truck Rentals*, Civil Action 85–303 Erie (pending).

Conversely, St. Paul, Mr. Early, and Contrans maintain that defendants should exclusively assume liability coverage on a primary basis. Classifying the "other insurance" provision of the Old Republic policy as an "escape" clause and the "other insurance" provision of the St. Paul policy as an "excess" clause, plaintiffs argue that under Pennsylvania law, defendants must provide primary insurance for not only the tractor, but also the trailer. Hence, the current controversy.

Initially, as this diversity action was filed in Pennsylvania district court, this Court's choice-of-law decisions must be governed by the choice-of-law rules of Pennsylvania. *Klaxon v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania has chosen to resolve choice-of-law issues through a "policy, interests and contacts test." In *Griffith v. United Air Lines*, 416 Pa. 1, 203 A.2d 796 (1964), the Pennsylvania Supreme Court announced a choice-of-law rule which permits an "analysis of the policies and interests underlying the particular issue before the court" and a determination of which jurisdiction is most intimately concerned with the outcome of the litigation. *Id.* at 21, 22, 203 A.2d 796; *see also American Contract Bridge League v. Nationwide Mutual Fire Insurance Company*, 752 F.2d 71, 74 (3d Cir.1985). Here, as recognized by the parties, it is Massachusetts law which should apply.[1] Yet, as

---

1. In finding Massachusetts to be the jurisdiction most intimately concerned with the outcome of this litigation, the Court has taken into account that (1) Mr. Early is a Massachusetts resident, (2) Contrans, Erving Paper Mills, and Chancellor Leasing Corporation are Massachusetts corporations, (3) Ryder executed its lease agreement with Erving Paper Mills in Massachusetts, (4) Erving Paper Mills assignment of its rights to Contrans was executed in Massachusetts, (5)

also agreed by the parties and as borne out by the independent research of this Court, no Massachusetts court has dispositively ruled on the instant issues.

Under Pennsylvania's conflicts rule that when a sister state's law is unknown or unclear, it is presumed to be the same as Pennsylvania law, *see Melville v. American Home Assurance Co.*, 584 F.2d 1306, 1308 (3d Cir.1978) *citing In re Trust of Pennington*, 421 Pa. 334, 219 A.2d 353, 356 (1966), this Court is obligated to apply Pennsylvania law. Accordingly, the Court's analysis will proceed under this premise.[2]

The Court's review logically begins with an examination of the involved clauses. In the coverage afforded by the Old Republic policy, Endorsement # 19, as amending Endorsement # 7, paragraph 3 of an earlier agreement, provides:

> The insurance coverage to such lessee/renter applies only to the maintenance or use of (1) the automobile so leased/rented and (2) trailers owned by the lessee/renter or for which he is legally liable, but only while attached to the leased/rented automobile, however, such insurance *shall not* apply if there is other coverage applicable to the trailer and available to the lessee/renter.

Defendants assert that this provision, as applied here, does not direct an extension of insurance coverage because there exists "other coverage applicable to the trailer" leased by Contrans. In conflict with the Old Republic endorsement is Part VI.B. of the St. Paul policy. As a condition of insurance, the St. Paul policy mandates:

### B. OTHER INSURANCE.

1. For any covered auto you own this policy provides primary insurance. For any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance. However, while a covered auto which is a trailer is connected to another vehicle the liability coverage this policy provides for the trailer.

a. Is excess while it is connected to a motor vehicle you don't own.

b. Is primary while it is connected to a covered auto you own.

2. When two or more policies cover on the same basis, either excess or primary we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all the policies covering on the same basis.

Accordingly, plaintiffs maintain that because the trailer leased by Contrans was connected to a tractor primarily insured by Old Republic, St. Paul's coverage is limited to being excess. Due to the internecine interpretations attached to these provisions, the Court must determine which policy is to be given priority.

■ Resolution of this controversy demands from the Court a characterization of these conflicting provisions. As recognized by the Third Circuit in *Insurance Company of North America v. Continental Casualty Company*, 575 F.2d 1070 (3d Cir. 1978):

> Under Pennsylvania law, classification of the clauses has a significant effect upon the ultimate result. In Grassberger v. Liebert & Obert, Inc., 335 Pa. 491, 6 A.2d 925 (1939), the Pennsylvania Supreme

---

Chancellor executed its lease agreement with Contrans in Massachusetts, and (6) delivery of the St. Paul insurance contract was made to Contrans through one of the insurer's Massachusetts agents.

**2.** Based upon the Court's determination that the instant case presents a conflict between an "excess" and an "escape" clause, a matter previously settled under Pennsylvania law, there exists no need to address defendants' contention that no Pennsylvania law adequately addresses these attendant circumstances.

Court decided that in a conflict between an excess and an escape clause the court would refuse to enforce the latter. The net result was that the whole loss was borne by the company which sought to avoid any responsibility by invoking its escape clause.

*Id.* at 1073. Here, as previously mentioned, the Court concludes that a situation exists whereby an "escape" clause is in conflict with an "excess" clause.

In reaching the conclusion that the Old Republic policy contains an "escape" clause, the Court is convinced that the plain and unambiguous language of Endorsement # 19 indicates that Ryder seeks to avoid primary responsibility. The unequivocal language of the endorsement provides that "insurance shall not apply if there is other coverage applicable...." As defined by the Third Circuit, "[a]n 'escape' clause provides that the company invoking it is relieved from any obligation to the insured if other coverage is available." *Insurance Company of North America v. Continental Casualty Company,* 575 F.2d at 1072. Accordingly, under such construction, Old Republic's Endorsement # 19 must be considered an "escape" clause.

Moreover, when compared to the clause it amended, Endorsement # 19's classification as an "escape" clause is made even more convincing. Endorsement # 7, paragraph 3, the amended provision, provides:

RECEIPT BASIS—DRIVERLESS CARS

It is agreed that such automobile liability insurance as is afforded by the policy, including the Exclusions and Conditions applicable thereto, for bodily injury liability and for property damage liability applies to any one or more persons or organizations leasing/renting an automobile from any named insured subject to the following provisions:

.        .        .        .        .

3. The insurance afforded to such lessee/renter applies only to the maintenance or use of (1) the automobile so leased/rented and (2) trailers owned by the lessee/renter or for which he is legally liable, but only while such trailer is attached to the leased/rented automobile referred to in part (1) of this paragraph. The insurance under part (2) of this paragraph is excess over any other valid and collectible insurance the lessee/renter may have whether such coverage is on a primary, excess, or contingent basis.

As originally stated, Endorsement # 7, paragraph 3 clearly provided "excess" insurance coverage. The change in the language from "insurance ... is excess" in Endorsement # 7 to "insurance *shall not* apply" in Endorsement # 19, evidences defendants' own intention to amend the existing "excess" clause to become an "escape" clause.[3]

Finally, the Court's examination must turn to classification of Part VI.B. of the St. Paul policy. Again, the plain language of the provision directs categorization. The clause provides that where a trailer is connected to another vehicle, liability coverage "[i]s excess while it is connected to a motor vehicle" not owned by the insured. Quite definitively, the provision must be considered an "excess" clause.

Accordingly, given the conflict between an "excess" clause in the St. Paul policy

---

3. Defendant's contention that Endorsement # 19 is not an "escape" clause because liability is not sought to be fully excluded is belied by the plain language of the clause. Defendants correctly note that where a policy provision does not attempt to entirely escape liability, characterization of the clause as an "escape" would be improper. *See Maryland Casualty Company v. Horace Mann Insurance Company,* 551 F.Supp. 907 (W.D.Pa.1982). However, here, the Old Republic policy directs that insurance coverage *"shall not* apply if there is other coverage applicable." Notwithstanding defendants' current willingness to share concurrent liability for the entire tractor-trailer unit, the unambiguous language of Endorsement # 19 evidences an attempt to avoid any liability and, accordingly, must be classified as an "escape" clause.

and an "escape" clause in the Old Republic policy, this Court is bound to refuse enforcement of the "escape" clause. *See Insurance Company of North America v. Continental Casualty Company, supra.* Defendants are held primarily liable for insuring plaintiffs in the underlying property damage action.[4]

An appropriate order will issue.

## ORDER

AND NOW, this 3rd day of December, 1986, for the reasons set forth in the accompanying Opinion,

IT IS HEREBY ORDERED that:

(1) Plaintiffs' Motion for Summary Judgment is GRANTED;

(2) Defendants' Motion for Summary Judgment is DENIED;

(3) Plaintiffs' request for the awarding of costs and expenses against defendants is DENIED; and

(4) Declaratory judgment is entered on behalf of plaintiffs Contrans, Inc., David J. Early, and St. Paul Fire and Marine Insurance Company and against defendants Ryder Truck Rental, Inc., and Old Republic Insurance Company, who must provide primary insurance coverage relative to liability as to not only the tractor but also the trailer, involved in the instant suit, and also against defendants A-1 Disposal, Inc., Charles R. Toney and American Universal

Insurance Company who failed to answer Plaintiffs' Complaint.

---

**4.** In addition to seeking declaratory relief, plaintiffs also request the award of all costs and expenses, including attorney's fees, incurred in litigating the current action and the underlying property damage case. Clearly, an award of attorney's fees and costs must be premised upon a finding that the insurer refusing to defend and indemnify has acted unreasonably and in bad faith. *See Pacific Indemnification Company v. Linn,* 590 F.Supp. 643, 655 (E.D.Pa.1984), *aff'd* 766 F.2d 754 (3d Cir.1985) *citing Montgomery Ward & Co. v. Pacific Indemnity Co.,* 557 F.2d 51 (3d Cir.1977); *Kelmo Enterprises v. Commercial Union Insurance Co.,* 285 Pa.Super. 13, 426 A.2d 680 (1981). Here, the Court finds defendants'

actions not to be unreasonable and in bad faith. Defendants have presented a tenable defense. Indeed, courts have refused to classify insurance provisions as "escape" clauses where the insurer does not seek to entirely avoid liability. *See, e.g., Maryland Casualty Company v. Horace Mann Insurance Company,* 551 F.Supp. at 910; *Pacific Indemnification Company v. Linn,* 590 F.Supp. at 952–53, n. 11. As such, the Court concludes that as defendants' course of action is, at least, arguably justifiable, a finding of bad faith would be unwarranted.

Accordingly, plaintiffs' request for an award of costs and expenses is denied.